Filed 7/31/13  P. v. Trejo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>OCTAVIO RUIZ TREJO,<br><br>    Defendant and Appellant. | G048041<br><br>(Super. Ct. No. 97CF1658)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

Appellant Octavio Ruiz Trejo was convicted of terrorist threats (Pen. Code, § 422)[1] and two counts of battery upon a police officer (§ 243) in 1998. Having previously been convicted of first degree burglary (§§ 459-460) and assault with a deadly weapon (§ 245) he was sentenced to a term of imprisonment of 25 years to life in prison under the "Three Strikes" law, and his conviction was affirmed by this court.

On November 6, 2012, the voters of this state reconsidered the Three Strikes law. They enacted Proposition 36, which ameliorated the punishment provided by the Three Strikes law in some instances. In those instances, it enabled a prisoner serving an indeterminate sentence with two prior strike convictions to petition for resentencing if his or her current conviction was not for a serious felony conviction. Proposition 36 was enacted into law as section 1170.126.

Trejo petitioned for relief under this provision, using a form provided him. While the form recites that appellant's most recent conviction was not for an offense listed in either sections 667.5, subdivision (c) or 1192.7, subdivision (c), he was in fact serving a sentence for a violation of section 422, which *is* listed in section 1192.7. For this reason, his petition was denied when it was heard in the court below.

Trejo appealed, and we appointed counsel to represent him. Counsel did not argue against his client, but advised this court he could find no issues to argue on appellant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed a brief which set forth the facts of the case and a full recitation of the law and history of the only conceivable appellate issue in the case: the applicability of section 1170.126 to appellant. He did not tell us why his client did not qualify for relief under the statute; that would have been arguing against his client. But it was pretty obvious to us.

Trejo was given 30 days to file written argument in his own behalf, but no brief was filed. There is little Trejo could have said. The only appeal available to him was for denial of his petition, and his petition was fatally flawed.

---

[1] All further statutory references are to the Penal Code.

As we have noted above, Trejo's petition was for relief under a section that explicitly disqualifies him from relief. The section provides for possible sentence reconsideration for inmates not convicted of an offense listed in section 1192.7. Trejo was convicted for an offense that *is* listed: section 422. This is why his attorney was unable to make an argument in his behalf, and it is why we are unable to do anything but affirm the judgment.

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


ARONSON, J.

3